We'll hear argument next in Case 22-1078, Warner Chappell Music v. Nealy. Mr. Shanmugam? Thank you, Mr. Chief Justice, and may it please the Court, this case presents the question whether a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of suit. As a straightforward matter of statutory interpretation, the answer to that question here is no. Under the applicable statute of limitations, a civil action must be brought within three years after the claim accrued. A claim accrues when the plaintiff has a complete cause of action. Accordingly, as this Court repeatedly stated in Petrella, a plaintiff can obtain damages for acts of infringement only within three years of filing. And under this Court's understanding of the background discovery rule, a plaintiff is entitled to extend that period only in cases involving fraud. Now faced with those points, respondents seek to use the rephrased question presented to But that question directs the parties to address the statute, and statutory construction begins with the text. Respondents eventually join issue on the text, but the inferences from the other provisions they cite cannot overcome the plain meaning of the term accrues. And even if the statutory text were somehow off the table here, respondents offer no valid explanation for this Court's statements in Petrella, and they assume the existence of a broad discovery rule, even in the face of disagreement among the lower courts about the discovery rule's scope. And respondents do not dispute that if the discovery rule applies only in cases involving fraud, they are not entitled to invoke it. There is no precedent for this Court's resolving a question of statutory interpretation by assuming away the relevant statutory text. At most, the rephrased question presented assumes the existence of some version of the discovery rule. It does not take sides on the scope of that rule, nor need the Court establish the exact contours of the discovery rule here. Instead, it need only hold that respondents in this case are not entitled to damages for acts that took place more than a decade before they filed suit, and on that basis, this Court should reverse the Court of Appeals judgment. I welcome the Court's questions. Did the courts, any of the courts below, rule on or pass on the discovery rule, or did they just simply assume the existence of some discovery rule? So I think that the Court of Appeals reaffirmed its prior discovery rule from the Webster decision, which applies, parenthetically, only in the context of ownership disputes. So the argument that you're making now, was it raised below? So we did not raise that argument in the Eleventh Circuit precisely because we were bound by the Webster decision. But we would respectfully submit that that is not necessary, both because the Eleventh Circuit passed upon the issue, and because there has never been a requirement that a party challenge binding Court of Appeals case law as a ticket to raise arguments before this Court. What was the question that was certified to the Eleventh Circuit? So the question that was certified was the question of the availability of retrospective  Did not assume the existence of the discovery rule? Precisely because in the Eleventh Circuit there was binding case law on that issue. And our fundamental submission for this Court is that we are not challenging the existence of a discovery rule. To be sure, the question of the scope of any discovery rule is to some extent intertwined with the substantive question that is presented here. And to quote from this Court's question presented, that question is whether a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit. Mr. Shanmugam, we took it off the table, and your cert petition did not ask us to grant cert on the merits of the discovery rule. In fact, your cert petition acknowledged that there was no split on the discovery rule and that the split was between the second and the ninth on this recovery of damages beyond three years point. Well, I would respectfully disagree with that, Justice Barrett, to this extent. In the star footnote in our petition, we indicated that the Court may wish But it wasn't the question on which you sought cert. And your brief pretty much says, well, this is our strongest point, so this is what we're going to focus on. The star footnote was not what you asked us to grant cert on. Well, we asked this Court to grant cert on a somewhat broader question presented. The formulation of our question presented, as we indicated in the star footnote, would have given the Court the opportunity to pass on the antecedent question of whether or not the Copyright Act embodies a discovery rule. Once this Court rephrased the question presented, we abandoned any argument that there is no discovery rule. My point to this Court is simply that the scope of the discovery rule is relevant to this question. But how so, Mr. Shanmugam? When we rephrased the question, we rephrased it, and I noted that you didn't read the part when you talked about what the question presented is, whether under the discovery rule applied by the Circuit Courts and the Copyright Act Statute of Limitation for Civil Actions. We were very specific. We weren't saying, you know, please entertain some arguments about the scope of the rule. We were taking it off the table, as Justice Barrett suggests. Yeah. Happy to address that. And I certainly didn't mean to ignore the prepositional phrase at the beginning. All right. Well, let me address that directly. So I think that what that part of the question presented did was to direct the parties to address the substantive question, the availability of retrospective relief in light of two considerations. As you say, first, the discovery accrual rule applied by the Circuit Courts, and second, the statute of limitations itself. Now our submission, as the Court will be aware as to the first part of that, is that there is no consensus in the Courts of Appeals about the scope of the discovery rule. There is consensus about the existence of a discovery rule. On that issue, all of the regional circuits have said, to some extent, that there is a discovery rule. We read this Court's rephrasing of the question presented to take that issue off the table precisely because there was no circuit conflict on that issue. But the Court also directed us to address the statutory text. And our submission, to the extent that respondents and the government suggest that, well, you should just look at the arguments in the Court of Appeals decisions addressing the circuit conflict, is that when you look at those decisions, they in turn address this Court's decision in Petrella. They cite the language on which we rely from Petrella. And our submission to this Court is that that language, in turn, relied on the statute of limitations. It relied on Section 507B. When the Court said on multiple occasions that retrospective relief was not available for acts beyond three years, the Court was discussing Section 507B. So I think it would be quite artificial for this Court to try to Counsel, isn't it artificial for you to do what Justice Barrett said, which is to raise the most important part of your argument in a footnote, to say the Court can reach it if it wants. The Court chose not to. Your petition, you point to Semea, where the Court did reach a question that wasn't argued below. It's a very good example. In that petition, it was very honest about the fact that it was asking the Court to answer the question that it had not raised below because of binding circuit precedent. You didn't do that. You came in and said, reach this other question, not the one that's most important, not the one I'm going to hinge my argument on in my brief. Don't reach that because there's no circuit split. You don't have to. We're just going to rely on the discovery rule argument. So I have two points in response to that. The first is that, again, in the cert petition, I think we were quite forthright in indicating that we would raise the issue on which we were bound below, the issue of whether or not the Copyright Act embodied a discovery rule at all. No, Counsel, you put that in a footnote, that there was no circuit split around it. Can I move on to another issue? Show me the statutory language that you reply on. The damages section speaks about damages. The statute of limitations speaks about a time period to file a complaint. You're automatically tying the two. Tell me how you're doing it. Sure. I'd be glad to. And that is precisely why. Statutorily, how? Yes. And that's precisely why, in our brief, we start with the statutory language. After all, this is a question of statutory interpretation. We believe that the relevant language is the language in Section 507B, as this Court directed in the rephrased question presented, and not the language in 504 or any other provision. We would freely recognize that in the remedial provision, there is no sort of limitations period built into that. We believe that the language of Section 507B, and of course, in particular, the operative term, accrues, is the relevant language. Now, I will say that this Court's decision in Petrella, which I think my friends on the other side acknowledge is well within the scope of the question presented, because after all, that was the primary authority discussed by the Second Circuit and the Ninth Circuit and the Eleventh Circuit. When this Court said time and again that there was a limitation on retrospective relief, the Court cited the statute of limitations in Section 507B. Now, to be sure, the Court, in its opinion, in footnote 4, recognized that some courts of appeals had recognized a discovery rule. We think that those two things can be harmonized by concluding that when the Court referred to the discovery rule there, what it was really referring to is the more modest equity-based discovery rule that this Court has recognized. Most recently in Gabelli and Rakitsky, a discovery rule that is limited to cases involving fraud and not a broad-based discovery rule more generally. But it is really for that reason that treatises like Sotomayor. That's the scope of when the exception can be raised is different from whether it can or not. Correct. If it is a statute of limitations, as you claim, that does not permit recovery at all if it's outside the three-year period, then there'd be no fraud exception. It would be almost like a statute of repose. But that's not the argument you're making. You're making a very different one that would be subject to briefing in the appropriate case of how widely expansive was the fraud exception in the common law. But there is an exception of some sort that you're recognizing. The only question is its breadth. Correct. And on that issue— That wasn't what we granted cert on. But to circle back to Justice Jackson's question about the rephrased question presented, I don't think that this Court, when it rephrased the question presented, and you can certainly tell me if I'm incorrect about this, was accepting any particular version of the discovery rule. And there is disagreement about that in the courts of appeals. The only disagreement is whether it applies to ownership versus infringement. There is no disagreement on the issue of whether, if it applies, how limited is it. And does that matter, that you're an ownership case versus an infringement case? Does that matter to your argument here at all, that disagreement about the discovery rule? Well, as this case comes to the Court, the Eleventh Circuit does apply the discovery rule to ownership claims. Our point is simply that in the courts of appeals, there are a variety of views about the scope of the discovery rule, not just on that axis, but on other axes. As we point out in the Third Circuit, the Third Circuit does not locate the discovery rule in any notion of accrual. It instead locates it in a notion of equitable tolling. And my submission to this Court, and this goes to one of our other arguments that, again, I think is properly before the Court, is that in rephrasing the question presented, I don't think that the Court is bound to any of the options that courts of appeals have previously accepted, particularly when those decisions are inconsistent with this Court's approach to the discovery rule more generally. Mr. Shanlingan, I'm sorry. No, go ahead. If we were to hold that there is no discovery rule with respect to the statute of limitations and the Copyright Act, the question on which we grant it review would go away, would it not? Yes. The answer to that question would be no, with the proviso that the Court could, and I think should leave open the question of whether or not there is a narrower equity-based discovery rule for cases involving fraud. And the Court does not need to opine on that here for the reason that I gave in the opening, namely that there's no claim here. Let me map out what would happen if, in the event, and this may or may not occur, we grant it served in the case, we were to dismiss this petition, as in providently granted, the case, I assume, would go back to the District Court. And the District Court would be aware that we recently, excuse me, grant it review in a case that does present the issue, whether there is a discovery rule for the Copyright Act statute of limitations. So if I were the District Court judge in those circumstances, I might choose not to plow ahead with further proceedings in this case until that issue was resolved. Isn't that true? Yes. Well, I guess, well, I think that the Court would be bound by the existing Eleventh Circuit case law. But let me just say a word about this question of whether or not to dismiss the case, because I don't think that this is a case involving, you know, unfair surprise or anything like that. We flagged this issue, again, in the petition. It's really a dispute about what arguments are available to us and what arguments the Court should address concerning the question presented. Because after all, as you pointed out, if our view of the statutory language is correct, the answer to the question presented will be no. Now, we have a number of arguments before this Court. But what concerns me is that we're being asked to decide what a question that may be eliminated based on a subsequent decision. I mean, we're, there are two questions, one would think. Is there a discovery rule? If there is, what are its implications for relief? The first is logically prior to the second. Why does it make sense to talk about the second without resolving the first? Well, it doesn't. But I think what I would say is that it's really critical, as is always true in a case of statutory interpretation, to start with the relevant statutory language. And that is precisely why when the Court rephrased the question presented, we pivoted away from any threshold argument that there's no discovery rule, and we said, let's start with the statutory language as this Court directed, and figure out how it bears on this question of the availability of retrospective relief. So what is your argument on that, please? Sure. Our argument is very simple, and I think that the issue is abundantly joined in the briefing in this case. It is, what is the meaning of the term accrues? Our submission is simple. As this Court has said, the standard rule is that accrues means at the point when you have a complete and present cause of action. Now, that's not a hard and fast rule. That can be rebutted by context or other cues. But here, the statutes that Respondents and their amici cite simply don't rebut that ordinary function. I guess what I don't understand is why that has to do with the scope of the damages. So we have accrues, and we have accrues in Section 507, which talks about when a civil action shall be maintained. So fine. Right? Even if I agree with you that accrues means what you say it means, that just the consequence of that, it looks like under this statute is that the action shall be maintained within that time frame. You seem to be arguing that if you maintain an action within that time frame, the three-year statute of limitations that pertains to 507 is somehow transported into the consideration of how much damages you can get. And so that's the part where you've lost me. Happy to address that. Yes. So the question presented in this case is whether a plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit. And if you go back and look at this Court's decision in Petrella, I think that that was a distinction that the Court was drawing. I think the Court was saying if the act takes place more than three years before, you cannot get retrospective relief. And as we explain in our brief, prospective relief is different for the simple reason that you don't have to have any past violation at all in order to get injunctive relief. All you have to show is a likelihood of future infringement. But what do we do with 504 and the discussion of being entitled to recover the actual damages suffered by him? So if you have an act that occurs within the time frame, but the damages extend before that, I take it your position is you can't go back any more than three years, but I don't see that in the statute. Our position, consistent with Petrella and I think the Second Circuit's reasoning and so, is that it's actually the timing of the act. In other words, in the perhaps unlikely scenario that you had an act that took place four or five years earlier, we're not saying there's a damages cutoff at three years, and I don't think that that's what Justice Ginsburg, in her opinion for the Court, was saying either. Now, I recognize that that feels like the flip side of the broad version of the discovery rule, and I would submit to the Court that it is. That is why these issues are so hard conceptually to disentangle. My point is simply that when it comes to retrospective relief, if the act took place more than three years earlier, the implication of the statutory language is you are out of luck. You cannot recover for retrospective relief. If you're bringing a claim for prospective relief, it will turn on whether there is a likelihood of future infringement. Now, I want to say a word about Petrella and our other arguments before this Court, because as I was saying to Justice Alito, the reason why this is not really a case involving dismissal, it's really a case involving what issues the Court should address, is because we have three other arguments. The first is our argument concerning Petrella, and I've already addressed that to some extent. I think the only other thing I would add is that I don't think that respondents or the government's characterization of Petrella is credible. They say that when the Court on multiple occasions was talking about the availability of retrospective relief, the Court was really talking about Ms. Petrella's case, and because she was not relying on a discovery rule, that those statements should all be read in that context. But the Court was relying on the unavailability of retrospective relief for acts more than three years earlier, precisely to explain why applying the doctrine of latches was unnecessary, because there was a strict statutory cutoff. And that is why the leading treatises have said that the logic of Petrella supports our position here. It supports our position because that was a necessary premise of the Court's decision. And again, I would submit that when Justice Ginsburg, one of the most careful opinion writers ever to sit on this Court, made those statements, she was relying on the language in the statute of limitations, not some penumbra of Section 504 or something else. Now, the two other arguments that we are making to this Court are, first, the argument that under a proper understanding of the discovery rule, it should be limited to fraud. When you look out over the Court of Appeals' opinions that have adopted the discovery rule, there is not a lot of reasoning in those opinions. They really rely on two things. First, the broad-based presumption in favor of a discovery rule that this Court cast doubt on in TRW and then repudiated in Rutkitski. And second, the fact that the criminal statute of limitations uses a rises rather than a cruise. And as recently as yesterday, members of the Court indicated that there is no meaningful difference between those two terms. The Court itself recognized it as much in Petrella itself, and the legislative history indicates that Congress intended for those two periods to be similar. And our last argument before the Court, again, an argument that is plainly within the scope of the question presented, even if you take the stingiest view of it, is the argument that at a minimum, if the Court thinks that there is a broad discovery rule, it should characterize that as an equitable rule that is subject to equitable limitations. And at a minimum, we think that this Court's statements in Petrella, if the Court doesn't agree with us on the interpretation of the statute, should be applied as an equitable limitation on that equitable rule. Indeed, in Petrella itself, the Court recognized that the doctrine of latches could apply for what you're dealing with is an equitable principle or a source of equitable relief. So at bottom, what is really going on here, I would submit, and I recognize that it is difficult to sort of parse questions presented sometimes. We spent a lot of time trying to figure out exactly what the Court was intending when it reframed the question presented in a way that directed us both to the text and to what the lower courts had done. Our fundamental submission is it would be wholly artificial for the Court to try to resolve this case without starting with the relevant statutory language. It would be a straw man for the Court to say, well, there's no limitation in Section 504 or Section 502. And that is precisely because we are dealing with a three-year limitations period that is in Section 507. May I ask a question about your last submission? It seems to me a pretty tough one, kind of a halfway textualism, if you will. To say that there's a discovery rule, put aside fraud, a real discovery rule, the real bad wine, okay? But we're only going to do three years because Petrella, which interpreted the statute, which you think doesn't have a discovery rule? I mean, that's a bit of a few gymnastics required there. So I don't think that that's quite what we're saying, Justice Gorsuch. Just to be clear about our argument concerning the text. Again, our argument is a claim accrues when you have a complete and present cause of action. I totally understand that argument. None of these other statutes overcomes that. So therefore, what is the consequence? I got all that. I'm asking about your last argument, and only your last argument. Sure. So our last argument is the equitable limitation. Yes. And I recognize that you only get to that as a fallback if you reject our statutory argument or if you somehow say that that is off the table. And I would submit that the court really shouldn't. But nobody's going to say it's off the table, all right? It may not be on this table, it may be on another table. But it's on the table. Well, I would say two things about that. First, that the court has a petition currently pending before it. I'm well aware, counsel. And the Martinelli case that presents that issue. And I'm just asking, assuming that we are not going to decide 507 and you've got Petrella out there, how do you get to this, okay, there's a discovery rule, but it's only a three-year discovery rule? The best reading of Petrella is that Petrella was in turn resting on 507B. We are not arguing for a three-year discovery rule. We are arguing for a three-year injury rule. We think that the trigger is the point of injury. So it's not even the discovery rule. That's my point. It's not even the old bad wine. It's something else. It's a new bad wine. Well, I think that the discovery rule, as applied by the lower courts, allows you to go back for acts that have taken place more than three years earlier. As we point out in this case, we're talking about acts of infringement going back to 2008. And we would submit that a proper understanding of the discovery rule is to limit it to cases of fraud. So the way that this legal regime should work, if the court feels unencumbered by the exact parsing of the question presented, is acts of infringement more than three years earlier, ordinarily not actionable. Under the ordinary operation of the discovery rule, they are actionable if you have fraud or concealment or one of the other traditionally recognized equity-based exceptions. This is not a difficult question. The court has before it all of the arguments to resolve the question of the correct interpretation of Section 507B. And we would submit that the court can proceed to do that accordingly in this case. Thank you, counsel. Justice Thomas? Justice O'Connor? Justice Gorsuch? Anything further? Justice Kavanaugh? Thank you, counsel. Thank you. Mr. Earnhardt? Mr. Chief Justice, and may it please the Court, the court reformulated the question presented to set aside debates about the discovery rule. Those issues were never raised or decided below, and reaching them is not necessary to resolve the circuit split targeted by the court's actual question presented. Assuming respondents' claims are timely under the discovery rule, respondents are entitled to seek damages as a remedy for those claims. Section 507B makes no distinction between claims seeking the remedy of damages and claims seeking other forms of relief. Section 504 is entitled Remedies for Infringement, Damages, and Profits. And it expressly says that a copyright owner is entitled to recover the actual damages suffered by him, any profits of the infringer, or statutory damages for all infringements involved in the action. There is no damages bar for copyright claims in Title 17. Now, Congress has enacted three-year look-back damages bars as narrow exceptions elsewhere in Title 17. But Congress needed to add those as narrow exceptions precisely because there is no damages bar in Title 17 as a general rule. Nor would a judicially created damages bar be permissible. In Petrella, this Court held that if a copyright claim is timely under the statute of limitations, again, as is assumed here, courts are not at liberty to impose equitable-based time limits on the recovery of damages for those claims. Now, to be sure, in Petrella, recovery was limited to infringements committed during the three years before the complaint was filed. But that was because under a laches case like that one and any other laches case, earlier claims which separately accrue were and will become time-barred under the statute of limitations when the plaintiff doesn't sue on them. That is how the statute of limitations takes account of delay. It bars claims if they're not brought within three years of when they accrue. But if a copyright claim is brought within three years of when it accrues and thus is timely under the statute of limitations, damages must be available as a remedy. I welcome the Court's questions. Petitioner seems to argue that, well, I'm willing to assume a discovery rule, but it's a very narrow crap discovery rule. If we're going to assume the existence of a discovery rule, how do we determine its scope? Well, I think the question presented answers that question as well. The way that I interpret the question presented, and I don't think it's very complicated, is that Clause 1 of the question presented defines a term nested within Clause 2. So Clause 2 refers to Section 507B. 507B uses the word accrue. What rule determines when a claim accrues? Well, Clause 1 of the question presented tells us what the assumption is here, which is the discovery accrual rule applied by the circuit courts tells you when a claim accrues. And so the reason a fraud-based discovery rule doesn't work is that's not the discovery accrual rule applied by the circuit courts. Another piece of potential confusion that I think I should clear up is we agree that what the scope of the discovery rule is is not necessary to answer the question presented. You hold that constant and say, does the discovery rule apply? And if so, what are the consequences of damages? But even if that were relevant, there is no disagreement in the lower courts about the scope of the discovery rule, even with respect to ownership claims. So petitioners say in their reply brief that in the Sixth, Ninth, and Tenth Circuits, the courts don't apply a discovery rule if it's a so-called ownership claim. I believe that's demonstrably false. Here is what the Abbas case from the Ninth Circuit, which they cite for that proposition, says about the discovery rule under an ownership claim. Quote, under these circumstances, a plaintiff must bring suit within three years of receiving notice of the repudiation of his or her ownership rights. That is a discovery rule. It's a more permissive form of a discovery rule. Inquiry notice is not enough. It has to be actual notice, and it has to be a particular type of actual notice and express repudiation. All of those things can only delay the statute of limitations running, but it's a discovery rule. It turns on what the plaintiff knows, not on what the defendant did. And so for that reason, there is no variability in the lower courts about the scope of discovery rule, if that were relevant. Do you have a view on Justice Alito's suggestion about dismissing the case? I think either path is viable. I will say that, you know, being from New York, the SOM court is causing some mischief there, and the decision of the Second Circuit in SOM is so facially incorrect that I believe it would be helpful to the bar to clarify that it's wrong, that there is no separate damages bar, and that would resolve the circuit split that currently exists between the Second Circuit on the one hand and the Ninth and the Eleventh on the other. I have to say, you know, we don't have a sort of a dog in the hunt in this case about whether there is a discovery rule or not, but for 40 years, the courts of appeals unanimously have found that there is one, and Congress during that time period has amended the Copyright Act 79 times, reasons big and small, and they've never stepped in to say that there's not one. In fact, when they've wanted there to be one, when Congress has expanded the traditional rights of copyright, as a counterbalance, they've instituted a discovery rule, I mean, I'm sorry, a damages bar. Counsel, you said you don't have a dog in the hunt on whether there's a discovery rule. If not, then why are we here? Well, because that's assumed by the question presented here. I believe we're here because that has been the unanimous view of the courts of appeals, and the only question is, assuming that there is a discovery rule. So you have a dog in the hunt on the scope of the discovery rule, but not on whether there is a discovery rule. Well, no. Is that what you're saying? No, I'm saying Where's this dog? This dog already has a bone because this court assumes that there's a discovery rule. All I mean by saying we don't have a dog in the hunt is we don't have that issue before us. We don't have it before us, and that is a curiosity of this case. We're being asked to decide the scope of something that may or may not exist, and I think Justice would be helpful to the bar. You mentioned that in clarity. Wouldn't it be just good governance to take up that question first? I don't think so, Your Honor, and the reason is we have a 40-year history in which the courts of appeals have applied the discovery rule. All over the map. All over the map. And we also have a lot of cases in this court casting doubt on the existence of a discovery rule. We call it a wine from a bad vintage or something like that, and we've done it like several times, including like two years ago. So what do we do with that? Well, Your Honor, I think that with respect to the wine of bad vintage, that's not the type of discovery rule that would exist in the Copyright Act, you know, that does exist in the Copyright Act. Well, it may or may not, and some people say the wine's there. Other people say there's no dog and we've got bones. I don't know. Why wouldn't we just take up that question first? To borrow a phrase from the court, in this case, there's a lot of stuff that would prevent us from doing that. It wasn't raised below. It wasn't accepted by the Eleventh Circuit as part of the interlocutory question. This court rephrased the question presented to exclude it, and so neither we nor the United States briefed it. It's not necessary to decide the circuit split targeted by the actual question presented, which is, if there's a discovery rule, are damages somehow not available as a remedy? So I think this is a bad vehicle for that. I also have to say on the issue of whether this is the bad wine of recent vintage— It's a bad vehicle. Does that not suggest we should dismiss this as improvidently granted? I don't think so. The reason this case is so— I mean, I've never—well, very rarely do I hear counsel standing at the podium arguing against a result that helps their client in a particular case. I mean, dismissal as improvidently granted would go some way for you. And that's why we spent a significant amount of time in our brief saying that that's a viable option, and it is. However, between the two options of dismissing it as improvidently granted compared to clarifying that the SOM rule is incorrect, the SOM rule being clarified as incorrect because it so clearly— So what mischief is SOM causing? You said it was causing mischief. Explain. Well, so in the Second Circuit, under current law, even if a claim is timely, there's a peculiar rule that can only seek damage as going back for three years for that claim. And that is completely different from the rule that now exists in the Ninth Circuit under the— Yeah. I guess I'm just wondering, is that rule being applied frequently? Are there many cases that raise this issue? Has the Second Circuit re-articulated it? Have there been district courts that have applied it? What's the status of this rule now? It's more an issue of form shopping. Some folks want to be in the Second Circuit. Other folks want to be in the Ninth and Eleventh Circuits. And so I think that it's an issue of the point of the Copyright Act. The reason that there was a statute of limitations enacted in the first place, because there did not used to be one, you used to look at the state statute of limitations, was for there to be a uniform period during which time—claims are timely and recovery is granted. Now there's not. There's a circuit split between the Second Circuit on the one hand and the Ninth and the Eleventh on the other about the availability of damages under the discovery rule. And that's an inconsistency that the Court, I think, importantly, should resolve. And that's the circuit split directed by the question presented. Now, on the issue of whether this is the bad wine of recent vintage, that, as I understand the Court's critique of that, that's courts of appeals below, assuming there's this background principle that there's a discovery rule when the word accrue is used. And that, I understand, the Court has taken issue with in recent cases. That would not be the basis for the discovery rule here. Here, the Section 507B uses the word accrue. And in Crown Codes, this Court was very careful to say that you cannot apply a universal meaning to the word accrue. You have to roll up your sleeves and look at what the Congress meant when it used that word. So if there's a discovery rule here in this Copyright Act, which we submit that there is, it's because in 1957, when Congress adopted that term, they intended it to include a discovery rule. Counsel, can I — Oh, sorry. No, go ahead. Do you think that that antecedent question of whether there's a discovery rule is cert-worthy? And by that, I mean, is there a split? Let's just — let's just say that — so we know there's a split on this other question about the scope of damages, right? And the antecedent question, at least at the search stage, was kind of presented as, well, all the courts of appeals are applying this, but there is this division about the other thing. Do you think that if it just came to us straight up, is there a discovery rule, or is this an injury accrual, that that's the kind of thing the Court should take? I do not, Your Honor. And the reason is, there is no circuit split on that issue. Is there a circuit split about the scope? There is — Mr. Shanmugam says there's a circuit split about the scope of the discovery rule, some saying ownership versus infringement. That's incorrect. That is demonstrably incorrect. The cases that apply the ownership claim distinction, which, by the way, is a questionable distinction in the first place, but the courts that do apply that distinction, apply a discovery rule. It turns on when the plaintiff receives notice of an expressed repudiation. That's a more permissive form of a discovery rule. It can only delay the statute of limitations running, but it is a discovery rule. So you have a situation where, for 40 years, the courts of appeals have uniformly applied a rule. There's no contrary opinion in the courts of appeals that that is the rule. And Congress — this is not like the Sherman Act, where they pass an act with a few sentences and let the court sort of figure it out. Congress has taken an active role in managing the copyright law of this country. They've amended the Copyright Act 79 times since 1976. How can the question about — how can a question about the scope of the discovery rule be cert-worthy, and yet the existence — the question of the existence of the discovery rule not be cert-worthy? Well, because — I mean, you're making an argument that the court of appeals decisions recognizing a discovery rule are correct, and that may well be true. And it's impressive that so many of them have reached that conclusion. But I don't understand how the second question can be cert-worthy, and the first is not. Well, it's because the Second Circuit in Somme took such a strange turn off of the path. They fashioned this peculiar rule that says, we're going to assume that there's a discovery rule. We're going to assume that it applies to claims, and that the claims are timely. But we're going to have this other rule that even if the claim is timely, you're not allowed to recover damages for that claim. And that is — created a circuit split. And so that's why that issue is cert-worthy, and the other is not. If the Second Circuit had gone the other way and hadn't gone off the path, none of this would be cert-worthy, is your view, right? That's correct. And we frequently assume certain aspects of cases when we're looking at a split about a subsequent issue. Absolutely. And it's entirely appropriate to do that here, to assume that there's a discovery rule, and ask, what impact does that rule have on damages? And is that how you read our refashioning of the question presented? That's exactly how I read it. As I said before, I read the question presented as the first clause defining a term nested within the second clause. The second clause says 507B. 507B says accrue. What rules should we use to determine when a claim accrues under the Copyright Act? Look to clause number one. You use the discovery accrual rule applied by the Circuit Courts. So I think that's a clear reading of the question presented. Just one comment on policy. Congress gets to decide what the best policy is here. And in the Copyright Act, it balances repose on the one hand with compensation and motivation on the other. So the Copyright Act doesn't exist primarily to compensate authors whose works are being infringed. It exists primarily to motivate other folks to create works based on the profit motive that's available to them. So when Congress decides that policy, in certain circumstances, it has imposed a three-year lookback damages bar incompatible with a discovery rule for vessel hull design and other situations. It hasn't done that with general copyright claims, precisely because it wants to really motivate the creation of future works. And I respectfully submit that Congress's policy decisions on these questions should not be second-guessed. You say the discovery rule allows you to look back more than three years, right? It doesn't allow you to look back more than three years. Recover damages for more than three years. If the claim is timely, yes. And that fits with Petrella because Petrella doesn't cover all cases. It covers some subset of cases. Is that the gist of it? No, it's because that's the precise holding of Petrella. Petrella says that if a claim is timely under the statute of limitations, in the discovery rule context, that would mean it is brought within three years of when the claim is or reasonably should have been discovered, then there cannot be equity-based limits on the remedy of damages for that claim. Well, Petrella says you look back, as I read it, maybe we're just reading it differently, you look back three years and no more. No. You just disagree with that. That's a misreading of Petrella. It is. And the court, there are many statements where the court says retrospective relief is limited to three years. That's what I had recalled. Yeah. The reason the court was making those statements was to explain why it was that Ms. Petrella's latches had consequences under the statute of limitations. The dissent in that case said this isn't fair. Ms. Petrella is getting a free pass. She sat on her hands and didn't sue. How can it be that she can bring claims and recover damages? The majority responds to that by saying, no, no, no. Many of Ms. Petrella's claims, based on infringements that happened years ago, accrued, the three-year period ran, and then those claims were time-barred. But it's the statute of limitations and the dismissal of claims that aren't brought within three years of when they accrued. So Petrella only is with respect to, in your reading, is Petrella is only with respect to claims in three years. It says nothing about the damages period. Well, that has to be correct, because Ms. Petrella only brought claims three years before the three-year period infringements that occurred. So all the language in Petrella about three years for damages is neither here nor there. I don't read it as being three years for damages. I read it as being... The claim. The claim. If the claim is untimely because of the discovery rule, there can be no damages. Anyone else? No? Anyone else? No? Thank you, counsel. Ms. Dubin. Mr. Chief Justice, and may it please the Court. First, the only question properly before the Court today is damages. Read fairly, the reformulated question presented bakes in an assumption. It tells the parties to assume that a copyright claim can accrue upon discovery, then asks whether damages are available if a claim is timely under that rule. The answer to that question is a simple yes. If a claim is timely under 507B, nothing in the Copyright Act imposes a separate time-based limit on damages. This Court's decision in Petrella rejected the idea that courts could impose an atextual bar on recovery for timely copyright claims, so the Second Circuit erred in relying on out-of-context language from Petrella to adopt a different atextual bar. Second, petitioners don't much defend the Second Circuit's damages rule, perhaps because it lacks a textual basis. Instead, they're really asking the Court to answer a different question, whether the discovery accrual rule applies to copyright claims at all, or at least to the claims here. But this Court reformulated the question presented to exclude that question, setting those arguments out of bounds. If the Court reaches the merits, it should affirm the judgment below. I welcome the Court's question. Does the government have a view on whether or not there is a discovery rule? The government does not have a view on whether there is a discovery rule at this time. We took our cues from the question presented as reformulated by the Court, and the question on which we solicited views across the government and provided our views is on the question of damages. That was just an unfair question. Should we dig? The United States doesn't have and hasn't expressed a view on between two options of dismissing the case as improvidently granted and affirming. I think there are good reasons to affirm here on the SOM damages rule and reverse that rule. The circuits are divided on that question. Eleven circuits apply a discovery rule, so the question of damages under that rule is important. This Court granted certiorari to resolve that, and that conflict stems from a misreading of this Court's decision in Petrella, so this Court is uniquely situated to resolve that conflict. Justice Alito pointed out that the antecedent question is whether there is a discovery rule at all. Do you think the effect of doing that cleanup and resolving the circuit split will solidify the discovery rule in a way that then doesn't give the Court an opportunity to address it again if we think that the acceptance of the discovery rule is wrong? To be candid, I think the discovery rule is pretty solidified as it is. Eleven courts of appeals apply that rule, so I think it's unlikely to solidify it further. This Court does often grant certiorari on questions that bake in an assumption and then decide only that question, such as in the Permesa case two years ago, in U.S. Bank several years before that. There is an assumption baked into both of those cases, and the Court goes on to resolve the question on which there is an assumption. And we're free then to just revisit it later if we ever decide, hey, there's an error that we want to correct. Of course. Absolutely. Well, it doesn't sound like that later day is ever going to come. This Court, sometimes when there is a well-solidified rule in the courts of appeals and this Court thinks it's wrong and it's important to resolve it, does sometimes grant certiorari when there is no circuit conflict. Of course, it could choose to do so in an appropriate case. Here, petitioners suggested that the Court do exactly that, and the Court said no. The Court reformulated the question presented. Does the government have a view on whether we should do that next time around? We do not have a view. There is a petition pending that presents this question. We have not offered our views, nor has this Court called for our views on that question. Government doesn't have many views here. Justice Kagan, we do have strong views on two questions. One, the damages rule applied by the Second Circuit is wrong. There's no textual basis for it. They misread this Court's decision in Petrella. This Court could clarify that and do good in providing uniform administration of copyright law. But the second thing that we have a strong view on is that you shouldn't do what petitioner is asking you to do and go outside the reformulated question presented and address the question of accrual on a one-sided presentation from petitioner's counsel. As this Court heard yesterday, the question of accrual is context-specific. If you were deciding that question in the context of the Copyright Act, you would want to be deciding it with briefing from both sides on both parties as to what accrual means in Section 507B. Why don't you take this opportunity to just explain why the Second Circuit is wrong? Absolutely. Thank you, Justice Jackson. The Second Circuit believed that Petrella imposed a separate bar on damages separate from the question of accrual under the Copyright Act. But that's not the right reading of Petrella. What Petrella was trying to explain was that in a case in which your claims are untimely for acts of infringement that occurred more than three years before you filed suit, you can't then use claims within the limitation period to bootstrap in those claims. That's the way in which the separate accrual protects both the interests of defendants and plaintiffs. In Petrella itself, all claims for acts that occurred more than three years before she filed suit were untimely, and she didn't try to invoke the discovery rule and couldn't have invoked the discovery rule because MGM's exploitation of raging bull was so open and notorious. But nothing in Petrella should be read to suggest that in a case in which a plaintiff could raise a timely claim for acts that occurred more than three years before she filed suit, she still can't recover damages. And I want to respond to Petitioner's suggestion that we're suggesting in some way that Petrella is careless. That is not a suggestion at all. Petrella reserved the question in footnote four of the discovery accrual rule. But I think Petitioner's reading of Petrella would suggest that in the same opinion in which Justice Ginsburg reserved the question of whether the discovery rule applied, she also decided to gut it by eliminating damages there under it with no textual basis for it. And I would submit that that's a far stranger reading of Petrella. Anything further? Thank you, counsel. Rebuttal, Mr. Shanmugam. Thank you, Mr. Chief Justice. Respondents and the government now seemingly ask for a narrow affirmance that resolves the circuit conflict and that rejects the Second Circuit's reasoning in Some. We think that that reasoning is correct and that Some appropriately rested on its reading of this Court's decision in Petrella. And I would note parenthetically that it's not just the majority opinion in Petrella. It's Justice Breyer's dissent and, indeed, even the government's own brief in Petrella that all seem to understand the statute of limitations the same way, namely as a statute under which claims accrue consistent with what the government as recently as a couple of terms ago described as the standard rule at the time of injury. And I would submit that respondents have fully joined issue on the relevant part of this, which is the question of the extent to which the statutory language bears on the availability of retrospective relief. If you look at pages 32 to 40 of Respondent's brief, they make all of the arguments that are available to the best of my knowledge as to why accrues should not be given that standard meaning. So that issue is fully teed up, and we rely on the statutory language. As this Court directed in the rephrased question presented, notwithstanding my friend Mr. Earnhardt's careful parsing, I think that this Court directed the parties to address the statute of limitations, and we did so consistent with that, explaining how it bears on the question that this Court actually asked. Now, we don't think that the Court needs to resolve the validity of the discovery rule, but let me explain why the Court may want to do that. And the Court does, as Justice Gorsuch alluded to, have before it right now a petition in the Martinelli case presenting that issue. It is true that now 11 courts of appeals have accepted a broad-based discovery rule, though there are disputes, patché Mr. Earnhardt, about how that applies in the context of ownership claims, where it comes from, and the like. I would submit that if this Court doesn't intervene here, particularly given what this Court has said about the discovery rule more recently,  and how we know that is that both in the Second Circuit in Soam and in the Fifth Circuit in Martinelli, parties raised the question of whether this Court's more recent case law, discussing the bad wine of recent vintage, cast doubt on discovery rules in those circuits, and yet the courts continued to apply them. I take Justice Jackson's point that this Court assumes things in questions presented all the time, but I'm not aware of any precedent where the Court has assumed away the most relevant statutory language, and we all agree that the language of 507B is the most relevant, for purposes of resolving a question of statutory interpretation, or a case where the Court has confined itself to the interpretations of particular courts of appeals. This Court is always free to reject all of the interpretations of the courts of appeals where they are wrong, and particularly here, where those interpretations rely on an outdated presumption in favor of the discovery rule that this Court has now definitively rejected. It would be artificial for the Court to do so. I recognize the desire for judicial modesty and incremental decision making, but this is a context in which, as all of the amicus briefs and all of the commentary reflects, parties and lower courts are crying out for guidance on what is, at bottom, a simple question of statutory interpretation. So whether the Court does so in this case or whether it holds this case and then grants the Martinelli petition and resolves the broader questions here, we believe that the broader questions are important to litigants. They are really intertwined with the narrower question that respondents and the government are asking this Court to resolve. And I do submit that it would really be unfortunate if this Court, however it decides this case, left in place lower court decisions that really cannot be reconciled with this Court's own precedents. The answer in this case is straightforward. All the Court need do is to apply the standard rule concerning the meaning of the term accrues, and if it does so, the answer to the question presented of whether a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit is no. And so we would ask that the judgment of the Eleventh Circuit be reversed. Thank you. Thank you, Counsel. The case is submitted.